**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AEDES TECHNOLOGIES, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>LOWE'S COMPANIES, INC., and<br>LOWE'S HOME CENTERS, LLC<br><br>*Defendants.* | Civil Action No. ______________<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Aedes Technologies, LLC ("Aedes") by and through its undersigned counsel, files this Complaint against Defendants Lowe's Companies, Inc., and Lowe's Home Centers, LLC (collectively referred to herein as "Defendants") and alleges as follows.

## NATURE OF ACTION

1. This is an action for patent infringement against the Defendants for their infringement of U.S. Patent Nos. 9,175,509 ("the '509 Patent") and 9,982,371 ("the '371 Patent") (together, the "Asserted Patents").

## PARTIES

2. Plaintiff Aedes is a Washington limited liability company having a principal place of business at 14045 Midvale Ave. No. – Building A, Seattle, WA 98133.

3. On information and belief, Defendant Lowe's Companies, Inc. ("LCI") is a North Carolina Corporation, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

4. On information and belief, Defendant Lowe's Home Centers, LLC ("LHC") is a North Carolina corporation, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

5. Defendants regularly conducts business at "Lowe's Home Improvement" retail stores throughout the District of Delaware, including but not limited to "Lowe's Home Improvement" retail store #0658 located at 20364 Plantations Road, Lewes, Delaware 19958.

**JURISDICTION AND VENUE**

6. This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq*., and in particular, 35 U.S.C. §§ 271 and 281-285.

7. This Court has original jurisdiction over the subject matter of this action under 28U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants pursuant to the 14th Amendment Due Process Clause of the United States Constitution and the Delaware Long Arm Statute, 10 *Del. C.* § 3104, because on information and belief, Defendants have sufficient minimum contacts with the State of Delaware and Defendants' activity with the State of Delaware gives rise to the Plaintiff's claims of infringement. Defendants' retail stores in the State of Delaware, including but not limited to "Lowe's Home Improvement" retail store #0658, sell and offer to sell products that infringe on the Asserted Patents. These products include, but are not limited to, Larson Brisa 36-in x 78-in White Aluminum Frame Retractable Screen Door and other size Larson Brisa Retractable Screen Doors ("the Accused Product").

9. Venue in this District is proper under 28 U.S.C. § 1400(b) because Defendants operate several regular and established places of business in this District, including the "Lowe's Home Improvement" retail stores described in Paragraphs 5 and 8 above, which sell the infringing Accused Product.

## FACTS

10. Plaintiff Aedes is a designer, manufacturer, and distributor of screen products such as screens that are used in windows and doors.

11. On March 15, 2013, Sterling Clarren, Jonathan Seth Clarren, and Dena Pomaikai Molnar ("the Inventors") filed U.S. Patent Application No. 13/841,057 ("the '057 Application") entitled "Screen with Visible Marker."

12. On March 14, 2013, the Inventors assigned their interest in and to the '057 Application and all divisionals, continuations, substitutes, renewals, reissues, and reexaminations thereof and any patents that issued therefrom to Aedes and the assignment was recorded in the United States Patent and Trademark Office ("PTO") on March 18, 2013 at Reel 030036, beginning at Frame 0348.

13. On November 3, 2015, the '509 Patent was issued by the PTO based on the '057 Application. A true and correct copy of the '509 Patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

14. On November 2, 2015, the Inventors filed U.S. Patent Application No. 14/930,205 ("the '205 Application") entitled "Screen with Visible Marker."

15. The '205 Application claims priority to the '057 Application (filed March 15, 2013).

16. On May 29, 2018, the '371 Patent was issued by the PTO based on the '205 Application. A true and correct copy of the '371 Patent is attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

17. The Asserted Patents are valid and enforceable.

18. Plaintiff Aedes possesses all rights of recovery under the Asserted Patents, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

19. Upon information and belief, Defendants have been selling and offering to sell the Accused Product, Larson Brisa 36-in x 78-in White Aluminum Frame Retractable Screen Door and other size Larson Brisa Retractable Screen Doors, which is covered by the Asserted Patents. The Accused Product infringes at least claim 1 of the '509 Patent, claim 13 of the '509 Patent, claim 1 of the '371 Patent, and claim 4 of the '371 Patent as show in the attached claim charts (Exhibits C, D, E, and F respectively).

**COUNT I – INFRINGEMENT OF THE '509 PATENT**

20. Plaintiff Aedes realleges and incorporates by reference paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. The claims of the '509 Patent are presumed valid pursuant to 35 U.S.C. § 282.

22. Upon information and belief, Defendants are currently infringing at least claims 1 and 13 of the '509 Patent, either literally or under the doctrine of equivalents, by selling and offering to sell, without license or authority, at least the Accused Product, as depicted in Exhibits C and D.

23. To the extent Defendants continue selling or offering to sell the Accused Product after the date of this Complaint, Defendants' infringement will be willful due to Defendants' knowledge of the '509 Patent and knowledge of their infringement, as set forth in this Complaint and the attached Exhibits.

24. As a result of Defendants' infringement of the '509 Patent, Plaintiff Aedes has been damaged to an extent not yet determined.

25. Plaintiff Aedes is entitled to monetary damages adequate to compensate it for infringement by Defendants of the '509 Patent, together with interest, costs, and attorneys' fees and to a preliminary and permanent injunction against further infringement.

**COUNT II – INFRINGEMENT OF THE '371 PATENT**

26. Plaintiff Aedes realleges and incorporates by reference paragraphs 1 through 19 of this Complaint as if fully set forth herein.

27. The claims of the '371 Patent are presumed valid pursuant to 35 U.S.C. § 282.

28. Upon information and belief, Defendants are currently infringing at least claims 1 and 4 of the '371 Patent, either literally or under the doctrine of equivalents, by selling and offering to sell, without license or authority, at least the Accused Product, as depicted in Exhibits E and F.

29. To the extent Defendants continue selling or offering to sell the Accused Product after the date of this Complaint, Defendants' infringement will be willful due to Defendants' knowledge of the '371 Patent and knowledge of their infringement, as set forth in this Complaint and the attached Exhibits.

30. As a result of Defendants' infringement of the '371 Patent, Plaintiff Aedes has been damaged to an extent not yet determined.

31. Plaintiff Aedes is entitled to monetary damages adequate to compensate it for infringement by Defendants of the '371 Patent, together with interest, costs, and attorneys' fees and to a preliminary and permanent injunction against further infringement.

**JURY DEMAND**

32. Plaintiff hereby demands a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aedes prays for judgment in its favor and against Defendants for the following:

(a) A judgment that Defendants have infringed the ‘509 Patent and the ‘371 Patent;

(b) A decree that Defendants’ infringement of the ‘509 Patent and the ’371 Patent is willful and deliberate for all acts of infringement taking place on or after the date of this Complaint;

(c) An award to Plaintiff Aedes of damages that are adequate to fully compensate it for Defendants’ infringement of the Asserted Patents for all acts of infringement taking place on or after the date of this Complaint, together with prejudgment interest and costs;

(d) A permanent injunction enjoining Defendants and those in active concert or participation with Defendants from infringing the Asserted Patents;

(e) A finding that this case is exceptional and award Plaintiff Aedes reasonable attorneys’ fees in this action; and

(f) An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: September 1, 2021

PANITCH SCHWARZE BELISARIO & NADEL, LLP

By: */s/ John D. Simmons*

John D. Simmons (Bar No. 5996)
Dennis J. Butler (Bar No. 5981)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6030
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
dbutler@panitchlaw.com

*Attorneys for Plaintiff Aedes Technologies, LLC*